**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WELLS FARGO BANK, NA,

       Plaintiff,

                                      No. 10-12384
                                      Hon. Gerald E. Rosen

vs.

RALPH R. ROBERTS REAL ESTATE, INC.,
MICHIGAN LAND CONTRACTS, INC.,
MICHAEL K. MALJAK, LOIS R. MALJAK,
UNITED STATES OF AMERICA, AND
THE PRUDENTIAL HOME MORTGAGE CO.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

On May 17, 2010, Plaintiff Wells Fargo Bank, NA ("Wells Fargo") filed a Complaint in Macomb County Circuit Court to determine interests in property located at 77940 McFadden Road in Armada, Michigan, and seeking reformation of the mortgage it holds on the property. On June 16, 2010, Defendant the United States of America, Department of Treasury, which has a tax lien on the subject property, removed the case to this Court.

Count I of Wells Fargo's Amended Complaint is a claim to Determine Interests in Property and Count II is a claim for "Reformation of the Mortgage." Wells Fargo asserts in these Counts that, although the mortgage presently held by Wells Fargo was executed by Defendant Lois R. Maljak ("Lois"), and not her husband Michael K. Maljak ("Michael"), Wells Fargo "relied on its belief that the Mortgage would encumber the fee simple interest of all parties

1

holding title to the Subject Property," Amended Complaint ¶ 24, and since Lois and Michael Maljak, husband and wife, hold title to the property, it asks that the mortgage instrument be judicially reformed to include the signatures of both Michael and Lois Maljak. Wells Fargo also requests a declaration that Wells Fargo's mortgage is a valid first mortgage senior to all other liens and interests on the subject property and asks that a Judgment of Reformation be entered that provides that, upon the recording of the Judgment, Plaintiff's secured interest be deemed perfected as of January 10, 2005, notwithstanding Lois and/or Michael Maljak's filing of any future bankruptcy petitions. Complaint ¶ 26.[1]

Discovery is now closed, and on March 31, 2011, the Maljaks moved for summary judgment.[2] The Maljaks argue that, as a married couple, their interest in the property was a tenancy-by-entirety -- which requires both spouses to encumber the property -- and that because only Lois assented to the encumbrance, reformation is not warranted in this case.

On June 17, 2011, Wells Fargo responded, arguing that factual questions exist such that summary judgment would be improper. Wells Fargo first argues there is a question as to whether Michael knew about the mortgage when it was executed because, although his sworn affidavit indicates he did not, that sworn statement is self-serving and belied by the fact the loan secured by the mortgage was used to pay off the land contract debt owed by both the Maljaks.

---

[1] Plaintiff's Amended Complaint also contains a third count that concerns only Defendant Prudential Home Mortgage Company which held the original mortgage on the Maljaks' property when it was purchased in 1988. This mortgage has apparently since been discharged but no discharge has ever been recorded by Prudential. Prudential, however, has been dismissed from this action, *see* note 2, *infra*, and it is not addressed the Maljaks' motion for summary judgment or in any of the summary judgment briefs.

[2] The Maljaks and the U.S. Department of Treasury are the only remaining defendants in this action. Defendants Ralph Roberts Real Estate, Michigan Land Contracts, Inc., and the Prudential Home Mortgage Company were dismissed from the case on June 28, 2011.

Second, Wells Fargo argues that the Court is justified in reforming the instrument on grounds of mutual mistake. Third, Wells Fargo argues the fact that Michael went seven years without objecting to the mortgage being used to pay off his interest in the land contract indicates his ratification of the mortgage by acquiescence. Finally, Wells Fargo argues it would be inequitable to allow the Maljaks to benefit from the mortgage loan without Wells Fargo receiving a valid mortgage interest in return.

Having reviewed and considered the parties' briefs, supporting evidence, and the entire record of this matter, the Court has determined that oral argument would not assist in the resolution of this matter. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will decide this motion "on the briefs." This opinion and order sets forth the Court's ruling.

## II. FACTS

On March 22, 1988 Michael and Lois Maljak, as husband and wife, purchased a farmhouse located at 77940 McFadden Road in Armada, Michigan for $75,000 borrowed from the Prudential Home Mortgage Company. The loan was secured by a mortgage executed by the Maljaks in favor of Prudential. On February 23, 2002, the Maljaks refinanced their farmhouse using a land contract, thus conditioning their title on paying $300,000.00 over time to the land contract vendor, Ralph Roberts Real Estate, Inc., Lois Maljak's former employer.[3]

On December 3, 2004, Lois Maljak borrowed $300,000.00 from American Home

---

[3] A warranty deed was executed by Ralph Roberts deeding the property to the Maljaks that same date. The deed, however, was not recorded at that time, but instead, was held in trust until the land contract was paid in full. The subsequent payment of the full land contract debt was evidenced by the recording of the warranty deed on January 10, 2005.

Mortgage Company,[4] part of which was used to pay off the balance of $207,414.24 owed by the Maljaks on the land contract.  The loan was secured by a mortgage on the Maljaks' McFadden Road property.  The mortgage was executed by Lois alone, and was subsequently recorded in the Macomb County Register of Deeds on January 1, 2005.  *See* Amended Complaint, Ex. D; Defendants' Motion  Ex. E.   Michael swears, by affidavit, that he did not participate in obtaining the loan, or know about his wife's signing of the purported mortgage.

Meanwhile, on April 11, 2006, the United States Department of Treasury - Internal Revenue Service (the "IRS") issued a tax lien on the property for $35,888.83 owed by the Maljaks for federal income tax**.**  The tax lien was recorded on April 18, 2006.

On March 26, 2009, the mortgage executed by Lois Maljak in December 2004 was assigned to Plaintiff Wells Fargo.  The assignment to Wells Fargo was recorded with the Register of Deeds on April 10, 2009. Around the same time, Lois Maljak defaulted on the mortgage Note and Wells Fargo sought to foreclose on the mortgage.

It appears that it was in preparing to foreclose on the mortgage that Wells Fargo realized that only Lois Maljak had signed the mortgage executed in favor of Mortgage Electronic Recording Systems, Inc. ("MERS"), the nominee of mortgage lender American Home Mortgage Company, and Wells Fargo's assignor.  Wells Fargo then filed a claim with Guaranty Title and Trust Company ("Guaranty Title"), American Home Mortgage Company's title insurer.  However, on April 28, 2009, Wells Fargo's attorneys were notified by the Office of the Ohio Insurance Liquidator that Guaranty Title had been determined to be insolvent and ordered into

---

[4]  The Court has not been provided with a copy of the Note or any other evidence as to who precisely executed the Note.  However, the parties appear to agree that Lois alone obtained the loan, and, therefore, the Court will assume that she alone executed the Note.

liquidation.  *See* 4/28/09 Letter from the Ohio Insurance Liquidator, Defendants' Ex. G.  The letter further notified Wells Fargo that the Liquidation Office had been ordered by the court not to defend Guaranty Title's insureds and, therefore, Wells Fargo would have to defend any title claim itself.  *Id.*

Apparently, because of the defective mortgage,Wells Fargo would be unable to demonstrate a clean marketable title to the Maljaks' Aramada property.  Therefore, Wells Fargo filed the instant action.

### III. ANALYSIS

**A.    Standards Governing Plaintiff's Motion**

Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As the Supreme Court has explained, "the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In addition, where a moving party seeks an award of summary judgment in its favor on a claim or issue as to which it bears the burden of proof at trial, this party's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation marks, citation, and emphasis omitted).

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party.  *Pack v. Damon Corp.,* 434 F.3d 810, 813

(6th Cir. 2006).  Yet, the nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed."  Fed. R. Civ. P. 56(c)(1).  Moreover, any supporting or opposing affidavits or declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Finally, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment."  *Pack,* 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

**B.     The Mortgage Executed by Lois Does Not Encumber the Maljaks' Property.**

No one disputes the Maljaks hold the present interest in the Armada, Michigan property.  Further, no one disputes that Lois Maljak, alone, borrowed $300,000 from American Home Mortgage, Wells Fargo's predecessor-in-interest, and also executed the mortgage on the property, alone.

In Michigan, a conveyance to husband and wife creates a tenancy-by-entirety by operation of law unless the conveyance explicitly rejects a tenancy-by-entirety.  DeYoung v. Mesler, 373 Mich. 499, 503-04 (1964).  Here, neither the land contract nor the warranty deed granting the property to the Lois and Michael Maljak specifies the interest in the property to be held by the Maljaks.  Plaintiff's Exhibits A and C; Defendants' Exhibit B.  Thus, by operation of law, the Maljaks' present interest in the subject property is that of a tenancy-by-entirety.

Under a tenancy-by-entirety, neither spouse can alienate or encumber the property alone.  Rogers v. Rogers, 136 Mich. App. 125, 134 (1984).  Therefore, the mortgage executed by Lois

Maljak, alone, on its face, cannot encumber the Armada, Michigan farmhouse because Michael's signature is absent from the security instrument. *See* Plaintiff's Exhibit D; Defendants' Exhibit E.

### C. The Court Will Not Reform a Security Instrument to Include the Signature of a Party Who Never Consented to the Debt Contract.

Because it is impossible for the mortgage executed by Lois Maljak to encumber the farmhouse without her husband Michael's assent, Wells Fargo asks this Court to reform the security instrument to include Michael's signature. "Michigan courts sitting in equity have long had the power to reform an instrument that does not express the true intent of the parties as a result of fraud, mistake, accident, or surprise." Johnson Family Ltd. P'ship v. White Pine Wireless, LLC, 281 Mich. App. 364, 371-72 (2008).

In this case, Wells Fargo asks for reformation on the grounds of mistake, not to realize the true intent of *the parties* to the contract, but to bind a third-party to the contract. The only authority cited by Wells Fargo in support of its request is Langschwager v. Pinney, 351 Mich. 473, 482 (1958), a case of mutual mistake in which the court reformed a deed because both the grantor and the grantee mistook the property's northern boundary line. Here, neither Wells Fargo nor Lois Maljak -- the only parties to the note and mortgage -- contests the subject matter of the contract. Rather, the only mistake was Wells Fargo's predecessor's failure to obtain the signature of both spouses. Such a unilateral mistake is not the sort contemplated by equity. To the contrary, the originator of the purported mortgage's mistake, and Wells Fargo's mistake in accepting the assignment of the mortgage with only one spouse's signature on it, are exactly the sort of defects in due diligence that equity does not excuse. Farm Bureau Mut. Ins. Co. of Mich. v. Buckallew, 471 Mich. 940, 940 (2004) ("[Mistake] is not excused by [the party's] own

7

carelessness or lack of due diligence."). Quite simply, Wells Fargo did not exercise due diligence in accepting assignment of the mortgage without carefully examining the mortgage instrument itself. The Court, therefore, declines to grant the relief Wells Fargo requests, and the instrument stands as is, one spouse short of a proper mortgage.

**D.    Plaintiff Has Not Produced Valid Evidence Establishing that Lois Was Michael's Agent When Lois Signed the Mortgage, or that Michael Ratified Lois's Action.**

Even if the mortgage instrument was not valid, as a mortgage, at execution, Wells Fargo contends that Michael ratified the purported mortgage by accepting its benefit -- the satisfaction of the land contract debt for which he was jointly liable through the use of proceeds of the loan secured by the mortgage. "[R]atification is the affirmance by a person of a prior act which did not bind him, but which was done or professed to be done on his account, whereby the act is given effect as to some or all persons, as if originally authorized." Cudahy Bros. Co. v. W. Mich. Dock & Mkt. Corp., 285 Mich. 18, 25 (1938). "Unauthorized acts of an agent are ratified if the principal accepts the benefits of the unauthorized acts with knowledge of the material facts." Bruno v. Zwirkoski, 124 Mich. App. 664, 668 (1983). However, "[agency] authority must be traceable to the principal and cannot be established only by the acts and conduct of the agent." Alar v. Mercy Mem'l Hosp., 208 Mich. App. 518, 528 (1995). "There is, of course, no ratification where the one performing the act did not purport to be an agent of the alleged principal." 1 Mich. Civ. Jur. Agency § 95 (citing Harrigan & Reid Co. v. Hudson, 291 Mich. 478, 484 (1939)).

In this case, Wells Fargo has not come forward with -- and the record does not contain -- any evidence that Lois held herself out as an agent of Michael, or that Michael acted to give Lois agency authority to execute the purported mortgage, or acted so as to cause a reasonable person

to believe that Michael had given Lois agency authority to execute the purported mortgage. To be sure, the purported mortgage shows that Lois was a married person. Plaintiff's Exhibit D; Defendants' Exhibit E. However, "a husband is not presumed to be the agent of his wife. Nor is a wife presumed to have authority to act for her husband." Miskiewicz v. Smolenski, 249 Mich. 63, 70-71 (1929).

As for Michael's acceptance of the benefit of the mortgage, "evidence of receipt of benefits, while it lends plausibility to an allegation of ratification . . . is not a *sine qua non* of ratification." David v. Serges, 373 Mich. 442, 444 (1964). For acceptance of benefits to constitute ratification requires evidence showing that the party accepting the benefit knew that acceptance would constitute such a ratification. *See* Echelon Homes, LLC v. Carter Lumber Co., 261 Mich. App. 424, 433 (Mich. App. 2004), *rev'd, in part, on other grounds*, 472 Mich. 192 (2005). Wells Fargo has produced no such evidence in this case.

For all of the foregoing reasons, the Court finds insufficient record evidence from which a jury could conclude Michael ratified the purported mortgage.

## IV. CONCLUSION

For all the reasons set forth above in this Opinion and Order, the Court finds that Plaintiff has failed to establish that reformation of the subject mortgage is warranted. Therefore,

IT IS HEREBY ORDERED that the Maljaks' motion for summary judgment [Dkt. #17] is GRANTED.

                                              s/Gerald E. Rosen
                                              Chief Judge, United States District Court

Dated: July 18, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 18, 2011, by electronic and/or ordinary mail.

                         s/Ruth A. Gunther
                         Case Manager